**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of John Racine and　　}
Tanya Sousa　　　　　　　　　}
　　　　　　　　　　　　　　　}　　Docket No. 168-8-02 Vtec
　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　}

## Decision and Order on Cross-Motions for Partial Summary Judgment

Appellants John Racine and Tanya Sousa appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Barton, upholding the Zoning Administrator's notice of violation. Appellants are represented by Tiffany L. Young, Esq.; the Town is represented by Edward R. Zuccaro, Esq.

The parties have each moved for summary judgment on Questions 2 and 3[1] of the Statement of Questions: whether the property in question is defined as a corner lot under the zoning bylaw, and, if so, whether the location of the garage/workshop on the property meets with front yard requirements of § 309.

The following facts are undisputed unless otherwise noted:

Appellants own a three-acre parcel at 368 Berard Lane, in the Low Density (LD) zoning district. Appellant Sousa acquired the property in 1992, at which time it contained an existing house with a garage attached on the southern side of the house. The location of the original garage has not been shown on any plan provided with the motions. A wetlands area exists on the northerly portion of the property, but has not been shown on any plan provided with the motions. The boundary of the lot with relation to Berard Lane follows an approximately 98° curve along the centerline of Berard Lane, forming the property's southerly and westerly boundary.

In 1996, Appellants demolished and removed the existing attached garage, and at some later date relocated the driveway to the area where the old garage once stood. In November 2001, without having first obtained a zoning permit, they began construction of a new detached garage/workshop, 48' x 24' in size, located to the east of the house[2] and not on the footprint of the original garage.

The southerly side of the new garage/workshop is located 25.2 feet from the centerline of Berard Lane, or approximately two-and-a-half inches outside the road right-of-way, if the road right-of-way is of the standard width[3]. The westerly side of the garage/workshop, facing the house, is located approximately 85 feet (by scale on the plot plan exhibit) from the centerline of Berard Lane if measured to the road around its curve on the westerly side of the house.

The required "front yard" setback is 75 feet from the centerline of the road. § 205.2 and definition of " front yard" in § 502 of the Zoning Bylaw. The definition of " front lot line" in § 502 of the Zoning Bylaw is defined to the edge of the road right-of-way, meaning that the required front yard setback generally extends beyond the front lot line into the road right-of-way about 25 feet.

On April 1, 2002, the Zoning Administrator investigated Appellants' property and observed that the southerly end of Appellants' new garage/workshop appeared to encroach 50 feet into the 75-foot front yard setback. In response to that notification, on April 5, 2002, Appellants applied for a permit and a 50-foot setback variance for the garage/workshop, based on the change of location of the driveway, the location of the house entrance, and the location of the wetlands. The ZBA denied the variance on May 16, 2002. Appellants did not appeal the denial and it became final.

On May 30, 2002, the Zoning Administrator issued a Notice of Violation for the construction of the garage/workshop, which Appellants timely appealed to the ZBA. In their appeal, they sought a stay of enforcement of the Notice of Violation and filed a request to reopen' the initial permit application. This ' request to reopen' was not posed as a request to reopen or alter the variance decision, but instead was an argument that the notice of violation should be overturned and that the original permit should be granted (that is, that a variance was unnecessary) based upon § 309, governing yards on corner lots, and § 403.05, governing replacement of structurally obsolete, non-complying structures. The ZBA granted the stay of enforcement, and no enforcement complaint has been filed by the Town. The stay has not been put at issue in this appeal.

The ZBA reconsidered the original permit application under §§ 309 and 403.05, and denied the appeal of the notice of violation. The ZBA determined that the lot was not a ' corner lot' for the purposes of § 309, and determined that Appellants did not meet the requirements of § 403.05, because the new location of the garage/workshop increased the old garage' s degree of non-compliance in several respects. Appellants appealed the ZBA decision to this Court. The Statement of Questions does not raise any issue regarding the denial under § 403.05.

Section 309, entitled " Yards on Corner Lots," provides that:

Any yard adjoining a street shall be considered a front yard for the purposes of this bylaw. Only one front yard is required to comply with the minimum depth requirement, however all other front yards shall either equal the minimum or be at least twenty-five feet in depth whichever is less.

Although the term " corner lot" is not explicitly defined in the definitions section of the Zoning Bylaw, another section of the Zoning Bylaw, § 313, regarding obstruction of vision in corner lots, describes a corner lot as including an area " formed by the intersection of two street property lines." This usage of the term ' corner lot' is common in zoning regulations throughout the United States, see, e.g., Patrick J. Rohan and Eric Damian Kelly, Zoning and Land Use Controls, § 42.03(1)(b) (1996). Reading § 313 and § 309 together, the term ' corner lot' in this

zoning bylaw must require the intersection of two street property lines. Such an intersection does not occur on Appellant's property.

Appellants argue that bend in the road approaches a right angle and should be considered as the equivalent of a corner lot. Without a specific definition of a corner lot under the particular zoning bylaw as defined by the degree of a right angle, Appellants' argument is unavailing. Moreover, even if the regulation were to define a 'corner lot' as a lot located on a street or streets forming a 90° (or smaller) angle, Berard Street forms an approximately 98° 'angle' and would not qualify under that definition.

As Appellants' lot cannot be considered as a 'corner lot' under § 309, the location of Appellants' garage/workshop, violates the front yard setback of 75 feet. The Notice of Violation is therefore upheld on its merits.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED and the Town's Motion for Summary Judgment is GRANTED. On or before January 27, 2003, Appellants shall inform the Court in writing whether they wish to pursue Question 1 of the Statement of Questions or whether this appeal has been concluded by this Decision and Order. If the appeal will proceed, a telephone conference with the Court will be held on January 31, 2003 (see enclosed notice).

Done at Barre, Vermont, this 10th day of January, 2003.

_____
Merideth Wright
Environmental Judge

### Footnotes

[1]   Question 1 relates to the adequacy of notice to Appellants of the ZBA hearing.

[2]   The garage may also violate the required 20-foot side yard setback on its easterly side; however, the Notice of Violation on appeal in this case only refered to the front yard setback violation.

[3]   The road right-of-way is assumed to be located 25 feet from the centerline of the road for roads for which the right-of-way has not been established or recorded. See definition of "front lot line" in §502 of the Zoning Bylaw. The ZBA decision states that the garage/workshop if fact encroaches on the road right-of-way, but no evidence of the location of the right-of-way has been presented in this matter.